No. 23-10961


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

OF THE UNITED STATES

_____

IN RE ANGELA DEBOSE—PETITIONER,


On Petition for a Writ of Mandamus and/or Prohibition
(Related to Appeal No. 22-13380 and Case No. 8:21-cv-2127-SDM-AAS)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


_____


AMENDED INITIAL BRIEF OF PETITIONER

_____


Angela DeBose
1107 W. Kirby Street
Tampa, FL 33604
(813) 230-3023
awdebose@aol.com


March 19, 2023

# CERTIFICATE OF INTERESTED PERSONS STATEMENT

Pursuant to 11th Circuit Rule 26.1-1(a), Appellant Angela DeBose hereby files her Certificate of Interested Persons (CIP) Statement. The name of each person, attorney, association of persons, firm, law firm, partnership, corporation, and all other identifiable legal entities related to *any* party in the case, that has or may have an interest in a party to this action or in the outcome of this action, is listed below:

1. Amanda Arnold Sansone, presiding Magistrate Judge

2. Angela DeBose, Plaintiff

3. Anisha P. Patel, Attorney for Defendants Greenberg Traurig, P.A. et al.

4. Anthony E. Porcelli, magistrate judge

5. Charlene E. Honeywell, district court judge

6. Dennis P. Waggoner, Attorney for Defendants Greenberg Traurig, P.A. et al.

7. Elizabeth A. Kovachevich, district court judge

8. Elizabeth G. Rice, circuit judge, Defendant

9. Gerald Solis, Defendant

10. Greenberg Traurig, P.A. Defendant

11. Gregory P. Holder, circuit judge, Defendant

12. Hill Ward Henderson, P.A., Attorney for Defendants Greenberg Traurig, P.A. et al.

13. Ivy Pereira Rollins, Attorney for Thirteenth Judicial Circuit, USF, et al.

14. James M. Barton, retired circuit judge, Defendant

15.     James S. Moody, district court judge

16.     Joshua C. Webb, Attorney for Defendants Greenberg Traurig, P.A. et al.

17.     Lacy R. Harwell, Jr., Attorney for Defendant United States

18.     Lois Palmer, Defendant

19.     Melissa Polo, circuit judge

20.     Paul Dosal, Defendant

21.     Ralph Wilcox, Defendant

22.     Richard McCrea, Defendant

23.     Ronald Ficarrotta, chief circuit judge, Defendant

24.     Steven D. Merryday, presiding District Court Judge

25.     Thirteenth Judicial Circuit, Defendant

26.     United States, Defendant

27.     University of South Florida Board of Trustees, Defendant

28.     Virginia M. Covington, district court judge

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

**TABLE OF CONTENTS**

TABLE OF CITATIONS …..………………………..…………………………i-vi

JURISDICTION…………………………………………………...…………1

GENERAL ALLEGATIONS……………………………………...…………1

INTRODUCTION………………………………………………….……...3

STATEMENT OF THE ISSUES PRESENTED....................................................4

STATEMENT OF THE RELIEF REQUESTED…………………………......5

STANDARDS OF REVIEW……………………………………………………5

STATEMENT OF THE FACTS……………….....................................................10

LEGAL ARGUMENT……………………………………………..……..14

    A WRIT OF MANDAMUS SHOULD ISSUE…………………………26

    A WRIT OF PROHIBITION SHOULD ISSUE…………………….…28

CONCLUSION……………….....................................................................30

CERTIFICATE OF COMPLIANCE.....................................................................31

CERTIFICATE OF SERVICE…………………………………..………………31

# TABLE OF CITATIONS

**CASES**                                                          **PAGE**

*Alexander v. Primerica Holdings, Inc.,*

    10 F.3d 155 (3d Cir. 1993)…………………………………………..6, 7, 27

*Bankers Life Casualty Co. v. Holland,*

    346 U.S. 379 (1953)………………………………………………….9

*Barnhill v. State,*

    834 So. 2d 836 (Fla. 2002)………………………………………...9

*Berger v. United States,*

    255 U.S. 226 (1921)………………………………………………….8, ftn.

*Bryce v. Episcopal Church in the Diocese of Colorado,*

    289 F.3d 648 (10th Cir. 2002)……………………………………….19

*Castro v. Luce,*

    650 So.2d 1067 (Fla. 2d DCA 1995)………………………………...29

*Cheney v. U.S. Dist. Court for D.C.,*

    542 U.S. 367 (2004)…………………………………………………27

*Chitimacha Tribe v. Harry L. Laws Co.,*

    690 F.2d 1157 (5th Cir. 1982)……………………………………….8, ftn.

i.

*De Beers Consolidated Mines Ltd. v. United States,*

    325 U.S. 212 (1945)……………………………………………………….9

*D'Lil v. Best Western Encina,*

    538 F.3d 1031 (9th Cir. 2008)……………………………………..........30

*Edelstein v. Wilentz,*

    812 F.2d 128 (3d Cir. 1987)………………………………………………7

*Fischer v. Knuck,*

    497 So. 2d 240 (Fla. 1986)……………………………………..........9

*Fletcher v. Conoco Pipe Line Co.,*

    323 F.3d 661 (8th Cir. 2003)……………………………………….22

*Forehand v. Walton County,*

    172 So. 3d 517 (Fla. 1st DCA 2015)…………………………..........9

*Haines v. Liggett Group Inc.,*

    975 F.2d 81 (3d Cir. 1992)…………………………………………6, 18

*Hall v. Small Business Admin.,*

    695 F.2d 175 (5th Cir. 1983)………………………………………18

*Hinman v. Rogers,*

    831 F.2d 937 (10th Cir. 1987)……………………………………..16

*Hodgson v. Liquor Salesmen's Union Local No. 2*,

    444 F.2d 1344 (2d Cir. 1971)…………………………………8, ftn.

*Jackson v. Motel 6 Multipurpose, Inc.*,

    130 F.3d 999 (11th Cir. 1997)……………………………………...26

*LeBruno Aluminum Co., Inc. v. Lane*,

    436 So. 2d 1039 (Fla. Dist. Ct. App. 1983)………………………..28

*Lewis v. Curtis,*

    671 F.2d 779 (3d Cir. 1982)…………………………………….....18

*Frates v. Weinshienk*,

    882 F.2d 1502 (10th Cir.1989)…………………………………….....16

*Liljeberg v. Health Services Acquisition Corp.*,

    486 U.S. 847 (1988)…………………………………………….....28, 29

*Liteky v. United States,*

    510 U.S. 540 (1994)…………………………………………….....7

*Morrison v. United States*,

    432 F.2d 1227 (5th Cir. 1970)…………………………………...8, ftn.

*Nichols v. Alley*,

    71 F.3d 347 (10th Cir. 1995)…………………………………….19

*Parker v. State*,

    3 So. 3d 974 (Fla. 2009)……………………………………………8, 9

*Parrish v. Board of Comm'rs*,

    524 F.2d 98 (5th Cir. 1975)………………………………………..23

*Pierce v. State*,

    873 So. 2d 618 (Fla. Dist. Ct. App. 2004)…………………........29

*Pilkington v. Pilkington*,

    182 So. 3d 776 (Fla. 5th DCA 2015)………………………………18

*In re School Asbestos Litigation*,

    977 F.2d 764 (3d Cir. 1992)………………………………………..6, 7

*Smith v. Mulvaney*,

    827 F.2d 558 (9th Cir. 1987)………………………………………30

*United States v. Boe*,

    543 F.2d 151 (1976)…………………………………………........9

*United States v. Burger*,

    964 F.2d 1065 (10th Cir. 1992)…………………………………16

*United States v. Cooley*,

    1 F.3d 985 (10th Cir. 1993)…………………………………........16

*United States v. Hanrahan*,

  248 F. Supp. 471 (D.D.C. 1965)……………………………........8, ftn.

*United States v. Kelly*,

  888 F.2d 732 (11th Cir.1989)…………………………………........16

*Valdes-Fauli v. Valdes-Fauli*,

  903 So. 2d 214 (Fla. 3d DCA 2005)………………………………9

*Westinghouse Elec. Corp. v. Republic of Philippines*,

  951 F.2d 1414 (3d Cir. 1991)……………………………………..6

*Will v. United States,*

  389 U.S. 90 (1967)…………………………………………………..6

**STATUTES AND RULES**                                    PAGE

28 U.S.C. § 144……………………………..………………………1, *passim*

28 U.S.C. § 455……………………..…………………...………………1, *passim*

28 U.S.C. § 1651……………………………………………………1, 5, 26

Federal Rule of Appellate Procedure 21…………………………………1

Federal Rule of Civil Procedure 4………………………………………..26

Federal Rule of Civil Procedure 56………………………………....3

Florida Rule of Judicial Administration 2.330………………………...8, *passim*

v.

# APPENDIX

| Doc. # | Date | Title | Pages |
|--------|------|-------|-------|
| Dkt | 02/13/23 | District Court Docket Sheet | 01-10 |
| 1 | 09/07/21 | Original Complaint (stricken) | 11-62 |
| 3 | 09/13/21 | ORDER of recusal of Magistrate Judge | 63-64 |
| 4 | 09/13/21 | Case Reassigned to Magistrate Judge Amanda Arnold Sansone | 65-65 |
| 8 | 09/14/21 | Motion to Correct Clerical Error | 66-68 |
| 52 | 12/24/21 | Certificate of Interested Persons filed by Plaintiff Angela DeBose | 69-74 |
| 60-5 | 01/27/22 | Summary Judgment Evidence – no special assignment of Holder to Petitioner's state court cases | 75-78 |
| 107 | 01/17/23 | Motion to Set Aside Judgment | 79-100 |
| 108 | 02/07/23 | Motion for Disqualification | 101-108 |
| 108 | 02/07/23 | Affidavit for Disqualification | 109-122 |
| 109 | 03/03/23 | Order Denying Motion to Set Aside Judgment | 123-124 |

**AMENDED PETITION FOR A WRIT OF PROHIBITION**

Petitioner Angela DeBose ("DeBose") seeks writs of prohibition and/or mandamus under the All Writs Act, 28 U.S.C. § 1651, and Federal Rule of Appellate Procedure, Extraordinary Writs, Rule 21, from the Eleventh Circuit Court of Appeals—specifically an Order directing District Court Judge Steven D. Merryday (hereinafter "district judge") to recuse himself and/or an Order directing the district judge to rule on the Petitioner's pending recusal/disqualification motion, as under 28 U.S.C. § 455 or 28 U.S.C. § 144. See Petitioner's Motion for Disqualification [App. 101-106] and Affidavit, [Appendix 109-111] in the Appendix hereto.

## I. JURISDICTION

Petitioner seeks to invoke the jurisdiction of this Court pursuant to the All Writs Act, 28 U.S.C. § 1651 and Rule 21 of the Federal Rules of Appellate Procedure.

## II. GENERAL ALLEGATIONS

Pursuant to this Court's determination of this controversy, this is an action seeking a writ of mandamus to compel the district judge to: (a) recuse himself pursuant to 28 U.S.C. § 455 or 28 U.S.C. § 144; or (b) expedite consideration of (including discovery on) the recusal motion pending before him.

1.  Petitioner, ANGELA DEBOSE, is a citizen of the State of Florida and is the Appellant in Eleventh Circuit Appeal No. 22-13380 and the Plaintiff in Middle District of Florida Case No. 8:21-cv-2127-SDM-AAS.

2.  Respondent, STEVEN M. MERRYDAY, is a United States District Court Judge, presiding over Middle District of Florida Case No. 8:21-cv-2127-SDM-AAS and is responsible for complying with this Court's mandate.

4. Respondent-Party, UNITED STATES OF AMERICA, a republic formed pursuant to the U.S. Constitution.

5. Respondent-Party, THIRTEENTH JUDICIAL CIRCUIT COURT, in and for Hillsborough County, Florida, a state court and trial court of original jurisdiction, created by the Florida Constitution (collectively Chief Judge Ronald C. Ficarrotta, Judge Elizabeth G. Rice, Judge Carl C. Hinson, and Judge Gregory P. Holder, Judge James Barton, (collectively "state court judges") and the UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, the governing body of the University of South Florida, and public body corporate created by Article IX, Section 7 of the Constitution of the State of Florida (collectively Gerard Solis, Ralph Wilcox, Paul Dosal, and Lois Palmer), State of Florida Public Agency Defendants in Eleventh Circuit Appeal No. 22-13380 and Defendants in Middle District of Florida Case No. 8:21-cv-2127-SDM-AAS.

6.    Respondent-Party, GREENBERG TRAURIG, P.A. and RICHARD MCCREA, Private Corporate Appellees in Eleventh Circuit Appeal No. 22-13380, and Defendants in Middle District of Florida Case No. 8:21-cv-2127-SDM-AAS.

## III.  INTRODUCTION

### *Nature of the case*

This original appellate proceeding arises from litigation involving the Federal Torts Claims Act and the Florida Torts Claims Act 768.28 Fla. Stat., which permits private parties to sue respectively, the United States in a federal court for most torts committed by persons acting on behalf of the United States and the state.

### *Course of the proceedings*

The original complaint was filed on September 7, 2021, (ECF 1). The second amended complaint, (ECF 27), was reviewed pursuant to the Defendants' 12(b)(6) Motions to Dismiss, (ECF 30), failure to state a claim upon which relief may be granted. Based on affirmative defenses of res judicata, the Defendants requested the district court to look outside the complaint and convert motions to dismiss to a summary judgment under the provisions of Rule 56, (id). The district court granted the motion, (ECF 30), as an adjudication on the merits as to all defendants. On September 12, 2022, the district court entered an Injunction Order, (ECF 81), against DeBose. On September 13, 2022, the district court entered a Final Judgment, (ECF 82), in favor of all defendants and against DeBose. The Case Management

Scheduling Order and Discovery were indefinitely stayed, (ECF 37). No hearings were held. The Defendants were not required to prove their affirmative defenses. The Petitioner's moved to file a Third Amended Complaint, (ECF 53), on January 13, 2022; Motion to Compel Defendants Greenberg Traurig, P.A. and McCrea to Answer, (ECF 54); Motion for Entry of a Default against Defendant United States, (ECF 57); and Motion to Transfer Venue, (ECF 77), were pending. Following submission of Appeal No. 22-13380, post judgment motions were filed pursuant to Rules 59 and 60(b). At the time the motion for disqualification was filed, only the Motion to Set Aside Judgment, (ECF 107) and Motion for Disqualification, (ECF 108) were pending.

## IV.  STATEMENT OF THE ISSUES PRESENTED

(1) Whether there was a basis for recusal that was within the specific disqualifying circumstances of the Judicial Canons, including impropriety and appearance of impropriety, to require that the district judge disqualify himself.

(2) Whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the district judge's impartiality under applicable disqualification rules.

(3) Whether the Petitioner filed timely and sufficient papers that the district judge before whom the matter is pending has a personal bias or prejudice either

against her or in favor of any adverse party, such judge shall proceed no further therein, and a writ of prohibition or mandamus should issue.

(4) Whether this court should exercise its discretionary authority to issue the requested writ(s).

## V.  STATEMENT OF THE RELIEF REQUESTED

Petitioner seeks an order (a) granting the Petition and directing the district judge to recuse himself; (b) reassigning a successor judge to rule on the recusal/disqualification motion, pursuant to 28 U.S.C. § 455 et al. or alternatively ordering prohibition; (c) vacating the district judge's order entered after the disqualification motion was filed; and (c) directing that expedited discovery proceed without interruption for review and consideration of the  pending motions[1] and for an adequately developed evidentiary record.

## VI. STANDARDS OF REVIEW

### A. Standards Governing Writs of Mandamus

The Eleventh Circuit has the power to issue writs of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of

---

[1] Motion to Set Aside Judgment, ECF 107, App.79-100; Motion and Affidavit for Disqualification, ECF 108, App. 101-122.

law." *See Haines v. Liggett Group Inc.,* 975 F.2d 81 (3d Cir. 1992). A writ of mandamus is, however, an extraordinary form of relief. *See In re Federal-Mogul Global, Inc.,* 300 F.3d 368, 379 (3d Cir. 2002). "As the adjective 'extraordinary' implies, . . . courts of appeals must be chary in exercising that power: '[M]andamus must not be used as a mere substitute for appeal.'" *In re Sch. Asbestos Litig.,* 977 F.2d 764, 772 (3d Cir. 1992) (quoting *Westinghouse Elec. Corp. v. Republic of Philippines,* 951 F.2d 1414, 1422 (3d Cir. 1991)). If, in effect, an appeal will lie, mandamus will not. "Even when the petitioner shows that there is no other adequate means to obtain the desired relief, and also has shown a 'clear and indisputable' right to issuance of the writ, the exercise of our power is largely discretionary." *Alexander v. Primerica Holdings, Inc.,* 10 F.3d 155, 163 (3d Cir. 1993) (quoting *Will v. United States,* 389 U.S. 90, 96 (1967) (citation omitted)).

**B. Mandamus is a Proper Means for Disqualifying a Judge**

"Mandamus is a proper means for this court to review a district court judge's refusal to recuse from a case pursuant to 28 U.S.C. § 455(a), where the judge's impartiality might reasonably be questioned." *Alexander,* 10 F.3d at 163. Indeed, "[v]irtually every court of appeals has recognized the necessity and propriety of interlocutory review of disqualification issues on petitions for mandamus 'to ensure that judges do not adjudicate cases that they have no statutory power to hear.'" *Alexander,* 10 F.3d at 163 (quoting *School Asbestos,* 977 F.2d at 778).

## C. Standard for Disqualification under § 455(a)

Whenever a judge's impartiality "might reasonably be questioned" in a judicial proceeding, 28 U.S.C. § 455(a) requires that the judge disqualify himself. The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned. *Edelstein v. Wilentz,* 812 F.2d 128 (3d Cir. 1987). It is of no consequence that the judge is not *actually* biased because § 455(a) "concerns not only fairness to individual litigants, but, equally important, it concerns 'the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who *appears* to be tainted.'" *Alexander v. Primerica Holdings, Inc.,* 10 F.3d 155, 162 (3d Cir. 1993) (quoting *School Asbestos,* 977 F.2d at 776) (emphasis added).

## D. Standard for Disqualification under § 455(b)(1)

Whereas § 455(a) is a catchall disqualification provision, § 455(b)(1) is more narrow in that it requires a judge to disqualify himself only if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1); *see also Liteky v. United States,* 510 U.S. 540, 548 (1994) (describing § 455(a) as a "'catchall' recusal provision, covering both 'interest or relationship' and 'bias or prejudice' grounds"). Unlike disqualification under § 455(a), however, which may be waived by the parties, the

grounds for disqualification under § 455(b)(1) generally cannot be waived. *See* 28 U.S.C. § 455(e).

## E. Standard for Disqualification under § 144

Section 144 requires the disqualification of a district court judge upon the timely filing of an affidavit by a party averring that the judge has a "personal bias or prejudice" against him or in favor of the other party. Although the affidavit must state "the facts and the reasons" for the averment of prejudice, the judge may not rule on the truth or falsehood of the allegations. If sufficient to support an inference of bias, the averment must be accepted as true, and the judge must step down.[2]

## F.    Florida Rule of Judicial Administration Standard

A motion to disqualify a judge is governed substantively by section 38.10, Florida Statutes, and procedurally by Florida Rule of Judicial Administration 2.330. *Parker v. State*, 3 So. 3d 974, 981 (Fla. 2009). Among other things, a motion to disqualify must demonstrate "the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge." Fla. R. Jud. Admin. 2.330(d)(1). "In ruling on a motion to disqualify, a court is limited to determining the legal sufficiency of the motion itself and may not pass on the truth

---

[2] See, e.g., *Berger v. United States*, 255 U.S. 22, 36 (1921*); Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982), cert. denied, 104 S. Ct. 69 (1983); *Hodgson v. Liquor Salesmen's Union Local No. 2*, 444 F.2d 1344, 1348 (2d Cir. 1971). The statute requires that a § 144 affidavit "be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144 (1982). The purpose of this certificate is to prevent abuse of the affidavit and to discourage false accusations in it. *United States v. Hanrahan*, 248 F. Supp. 471, 475 (D.D.C. 1965). It is assumed that in filing the affidavit, an attorney will not recklessly disregard the truth. *Morrison v. United States*, 432 F.2d 1227, 1229 (5th Cir. 1970), cert. denied, 401 U.S. 945 (1971).

of the facts alleged." *Parker*, 3 So. 3d at 982 (citing Fla. R. Jud. Admin. 2.330(f)). Because this is "a question of law," it "follows that the proper standard of review is de novo." *Barnhill v. State*, 834 So. 2d 836, 843 (Fla. 2002). "A motion to disqualify is legally sufficient 'when the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial.'" *Forehand v. Walton County*, 172 So. 3d 517, 518 (Fla. 1st DCA 2015); *Valdes-Fauli v. Valdes-Fauli*, 903 So. 2d 214, 216 (Fla. 3d DCA 2005); *Fischer v. Knuck*, 497 So. 2d 240, 242 (Fla. 1986).

## G.    Standard for Prohibition

By its nature, a writ of prohibition is an "extraordinary" and "drastic" remedy that is reserved for only the most exceptional cases where there is no other adequate remedy. "Though the power is curative, it is strong medicine and its use must therefore be restricted to the most serious and critical ills. Use of the power is thus not unfettered. On the contrary, its reparative function is to be sparingly employed." *United States v. Boe*, 543 F.2d 151, 158 (1976). Hence the party requesting a writ of prohibition or mandamus has the burden of showing a clear and indisputable right thereto, *Bankers Life Casualty Co. v. Holland,* 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953), and must show exceptional circumstances necessitating review before final judgment below. See *De Beers Consolidated Mines Ltd. v. United States,* 325 U.S. 212, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945).

## VII. STATEMENT OF THE FACTS

Petitioner filed her original complaint on September 7, 2021, [App. 10-62]. At the start of the case, the District Court's impartiality immediately came into question. On September 13, 2021, the magistrate judge assigned, Anthony E. Porcelli, entered an Order of Recusal[3] on his own initiative, [App. 63-64], and a new magistrate judge was assigned, [App. 65]. A second issue arose surrounding the docketing of the complaint. The district judge engaged in an improper communication on September 7, 2021, the same day the original complaint in Case 8:21-cv-2127-SDM was filed, communicating with Judge Ryan T. Holte ("Holte"), Federal Claims Court, to cause him to abruptly enter a final judgment and order dismissing Petitioner's existing federal takings case at 9:33 PM EDT, [App. (Docs. 52, 108)]. This is important because the docking stamp was obscured/blurred on the Petitioner's Original Complaint, [App. 10]. Although the Petitioner filed early in the morning, there was a delay to have it appear that Holte's abrupt late evening order/ judgment occurred before the original complaint was filed. The district judge was motivated to lock DeBose out of court by actively participating to create a *res judicata* affirmative defense for the United States, (Id.). On September 8, 2021, the Petitioner filed a Motion to Correct the Record, [App. 66-67], which included a

---

[3] Case 8:15-cv-02787-VMC-AEP, magistrate unreasonably delayed ruling; denied motion as "*moot*".

legible copy of filing date/time stamp, [App. 68]. On September 21, 2021, the district court denied the Petitioner's motion to correct the record as "moot".

Another disqualifying event occurred on December 24, 2021. The Petitioner filed her Certificate of Interested Persons ("CIP") and expressed her awareness of a conflict(s) or basis for recusal under the section of the document entitled, "Rule 3.03(b) Certification, [See App. 69-71]. Local Rule 3.03(b) of the Middle District Florida provides in pertinent part: ***I will immediately notify the judge in writing within fourteen days after I know of a conflict.***" Pursuant to Rule 3.03(b), the Petitioner could not certify there was no actual or potential conflict of interest affecting the district judge; therefore, the Petitioner notified the judge of the conflicts and/or potential conflicts. The Petitioner's factual contentions have evidentiary support and merited further investigation or discovery. The district judge did not respond, order discovery, or any proceeding following the filing of the CIP.

On January 27, 2022, the Petitioner filed evidence from the Thirteenth Judicial Circuit that Holder did not have a special assignment to the circuit civil division, [App. 60-5]. Holder did not have jurisdiction to issue the orders that he did in DeBose's cases. The district judge's personal bias or prejudice against DeBose and/or knowledge of disputed evidentiary facts concerning Holder required the district judge's disqualification. If not then, the district judge's personal knowledge of undisputed facts was demonstrated by the Petitioner on January 17, 2023 in her

Motion to Set Aside Judgment, [App. 79-100]. This was another disqualifying event to cause the district judge to recuse himself and step aside based on his personal knowledge of the facts and evidence filed by DeBose. Specifically, the Petitioner's evidence showed that when Holder intervened as a successor judge in the Petitioner's state cases to enter final judgments in favor of USFBOT, he was also an *undisclosed* paid employee of the Defendant University of South Florida Board of Trustees ("USFBOT"), [App. 96]. The Petitioner also discovered and filed evidence that Holder was reprimanded by the Florida Supreme Court for unlawfully intervening in a prior 2016 case involving USFBOT, [App. 87-93].

On February 7, 2023, Petitioner filed a Motion and Affidavit, [App. 108-111] for Disqualification, including new evidence that showed the district judge had personal knowledge of Holder's dual employment and likely Holder's prior censure. The Petitioner's evidence revealed undisclosed conflicts between district judge and Holder, including the district judge's appointment of Defendant Holder as a paid mediator in his cases in 2021 and 2022, [App. 113-114, 117-118]. The district judge's *undisclosed* appointment of Holder as a paid mediator created a conflict or quid pro quo contract between them, in which there was a reciprocal exchange. The district judge disregarded this disqualifying relationship, the disqualifying interests, and failed to remove himself from the case.

The District Court has not ruled on the disqualification/recusal motion. However, the district judge entered an order, [App. 123-124], denying the Petitioner's motion to set aside the judgment on March 3, 2023, though 28 U.S.C. § 455(a) mandates that after a motion for disqualification is filed, the judge "such judge shall proceed no further therein." In the order, the district judge made predisposition statements that Petitioner is "*an unmistakably vexatious litigant*," [App. 123]. The district judge included the following footnote in the order: *DeBose's protracted series of frivolous and vexatious motions likely will require at the conclusion of the appeal an expansion of the injunction*, [App. 124]. While the district judge did not rule on the motion for recusal/disqualification, his comment overreaches into the merits of the Petitioner's motion for disqualification. The district judge transmitted the order, (id.), to the Eleventh Circuit. The predisposition comments on the motion for disqualification also prejudices DeBose in Appeal No. 22-13380. This is most serious because the district judge is making his opinion known on the merits of what he perceived would result in an upcoming appeal. Such a circumstance seems not only to deny the Petitioner, who is opposed to the judge's stated views, the appearance of an impartial tribunal, but undermines public confidence in the judiciary. The problem is most difficult because the district judge previously has formed an opinion on an issue to be litigated—at the present time before him. The district judge's predisposition has caused the Petitioner to further

doubt the judge's impartiality. Undoubtedly, it likely would (more probable than not) have the same effect on a reasonable observer aware of the situation. Rule § 144, § 455, and Rule 2.330 required that the district judge pass upon the truth of the allegations in the disqualification motion.

## VIII. ARGUMENT

### A. The allegations concerning the communication(s) with Holte show the district judge had prejudged the case or was biased.

The communication between the district judge and Holte is not mere speculation and can be proven through phone records, email, and other forms of discovery. Additionally, Merryday and Holte are both associated with the Federalist Society, an anti-civil rights organization, (Id.). This makes it more likely that he contacted Holte rather than another judge or party. Additionally, membership of the district judge in an organization that practices invidious discrimination gives rise to perceptions that the judge's impartiality is impaired and gives the appearance of impropriety. Moreover, public manifestation by a judge of the judge's knowing approval of invidious discrimination on any basis gives the appearance of impropriety under Canon 2 and diminishes public confidence in the integrity and impartiality of the judiciary, in violation of Canon 2A. Furthermore, Canon 3C(1)(c) of the Code of Conduct for United States Judges provides that the judge shall disqualify when: [T]he judge knows that the judge, individually or as a fiduciary, has a financial interest in the subject matter in controversy or in a party to the

proceeding, or any other interest that could be affected substantially by the outcome of the proceeding. Canon 3C(3)(c) defines "financial interest" as "ownership of a legal or equitable interest, however small, or a relationship as director, advisor, or other active participant in the affairs of a party." In the time period from September 7-14, 2021, the district judge became an active participant in the affairs of a party when he contacted Holte. Because of his interest, the district judge covertly used another judge and/or case involving the Petitioner to substantially affect the outcome of the proceeding before him. Furthermore, the district judge coordinated with the state court to administratively close DeBose's state court cases and enter an injunction order. The district judge delayed ruling on fully briefed motions, in anticipation, knowing this was about to happen but lying in wait for the state court judge's action. Any interest that could be substantially affected by the outcome of a proceeding is a disqualifying interest or basis for the district judge's recusal under **§** 455(a), **§** 455(b)(1), **§** 144, or the Florida Rule of Judicial Administration 2.330.

**B. The CIP alerted the district judge of his continuing duty to recuse.**

Section 455(a) of Title 28, United States Code provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a) (1993 & Supp. 2005). Under § 455(a), judges should apply an objective standard in determining whether to recuse. A judge contemplating recusal should

not ask whether he or she believes he or she is capable of impartially presiding over the case. According to our court of appeals, under § 455(a), "[t]he test in this circuit is """whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."""" *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992), cert. denied, 507 U.S. 1033 (1993) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987))). Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *Id*. (citing *Liljeberg* 486 U.S. at 861, *Frates v. Weinshienk*, 882 F.2d 1502, 1505-07 (10th Cir.1989), cert. denied, 494 U.S. 1004 (1990), and *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir.1989)). First, the CIP, [App. 70-72], expressed a conflict or basis of recusal: In his capacity as district judge and formerly chief judge located in the Tampa Division, Merryday had direct, personal knowledge of the federal judges that are party to the Petitioner's action against the United States, (id.). The Defendants-Appellees' CIP failed to list the federal judges and this potential conflict, (id.). Merryday either knew or had reason to know of Defendant Ronald Ficarrotta, chief judge of the Thirteenth Circuit. Merryday voluntarily recused himself in Case No. 8:21-cv-21-SDM-CPT, another case where Ficarrotta and other Thirteenth Judicial Circuit judges were named

defendants, individually and in their official capacities, (id.). A white female attorney plaintiff filed this particular action. Merryday stated in the order, "… *I have no question about my impartiality*," (id.). Additionally, the Petitioner requested discovery to prove that Merryday, a federal judge with the Middle District of Florida, Tampa Division, contacted Holte the same day the instant case was filed, to cause Holte to suddenly dismiss the Plaintiff's "takings" case and enter a final judgment, late evening after business hours the same day, (id.). The Petitioner noted that the United States had not yet made an appearance in the case and that further investigation was required concerning its nonappearance, (id.). Merryday's association with the anti-Civil Rights Federalist Society was also identified as a concern, (id.). Merryday utterly disregarded the CIP and declined to recuse himself.

The district judge's disqualification was required on December 24, 2021, when notice was provided of events and conflicts that made Merryday an *interested party* beyond his role as presiding district judge. Merryday had outside or extradjudicial interests and/or conflicts, based on the stated facts and averments of prejudice. While Merryday may not have been permitted to rule or comment on the truth or falsehood of the statements in the CIP, the prohibition on comment on the merits did not extend to statements that might be made to discharge his official duties or to explain court procedures following the CIP. Under the disqualification rules, although a judge "cannot pass on the truth of the facts alleged to refute the charge of

partiality, he may explain the status of the record." *Pilkington v. Pilkington*, 182 So. 3d 776, 779 (Fla. 5th DCA 2015). That is, a judge "may comment factually..." *Id*. at 780. The district judge did not comment, explain, or recuse himself but ignored the filing. If the CIP was sufficient to support an inference of bias, the averment should have been accepted as true, and the district judge should have stepped down under § 455(a), § 455(b)(1), § 144, or Rule 2.330.   None of the rules permitted the district judge to simply remain silent and continue in the proceeding. The lack of an appropriate response by the district judge to address conflicts or potential conflicts identified in the CIP, would heighten a reasonable person's fears for impartiality and justify the concerns that the right to a fair trial had been breached.

C. **The district judge's personal bias, knowledge of disputed evidentiary facts, disqualifying interests concerning Holder, et al. create the appearance of or actual impropriety, requiring the judge to recuse.**

In *Haines v. Liggett Group Inc.,* 975 F.2d 81 (3d Cir. 1992), the court held that "[i]mpartiality and the appearance of impartiality in a judicial officer are the sine qua non of the American legal system" and that "[a]ny tribunal permitted by law to try cases and controversies not only must be unbiased but also must avoid even the appearance of bias." *Id.* at 98 (quoting *Lewis v. Curtis,* 671 F.2d 779, 789 (3d Cir. 1982)). Therefore, in applying § 455(a) or the other disqualification rules, the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue. See, e.g., *Hall v. Small Business Admin.*, 695 F.2d 175, 179 (5th

Cir. 1983). The language of § 455(a) requiring recusal in any case "in which [the judge's] impartiality might reasonably be questioned" has led courts in every circuit to adopt some version of the "reasonable person" standard. In *Haines*, the commonly held view is that: It is not [the court's] subjective impressions of [the judge's] impartiality gleaned after reviewing [his] decisions these many years; rather, the polestar is "[i]mpartiality and *the appearance of impartiality*." *Id.* "If the issue of whether § 455 requires disqualification is a close one, the judge must be recused." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002); see *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995). The district judge knew of the disputed evidentiary facts concerning Holder—whether he was an authorized judge or an unlawful intervenor. The Petitioner filed undisputed evidence that Holder had no special appointments or assignments to DeBose's cases or any civil cases, [App. 75]. The district judge understood by virtue of the federal and Florida judicial canons that Holder should have refrained from judicial service <u>or</u> unlawful intervention, given his dual paid employment with Defendant USFBOT. Both of Holder's employers, the Thirteenth Judicial Circuit and USFBOT, were Defendants in the federal action.  Merryday himself also employed/appointed Holder, undisclosed, as a mediator in his cases during the controversy. The district judge knew that it was not permissible for Holder to exercise jurisdiction over cases involving USFBOT, his employer, from whom he accepted compensation and

reimbursement of expenses for extrajudicial teaching activities, (*see* Canon 4F).

While employed and paid by USFBOT, Holder interfered and ended Petitioner's

cases without due process to benefit his employer, USFBOT. The source of the

payment/compensation from USFBOT in its role as a defendant and Holder's

employer, gave the appearance of influencing Holder in his judicial duties and gave

the appearance of partiality and impropriety. Holder's paid employment and

teaching activities was subject to limitations, which Holder failed to observe. First,

the *existing* conflict between his judgeship and compensated employment and

teaching activities with USFBOT was not disclosed. While a judge may participate

in and serve as an officer, director, trustee, or nonlegal advisor of an educational,

organization, a judge should not serve if the organization is engaged in proceedings

that are before the judge or is regularly engaged in adversary proceedings in *any*

court. Furthermore, it is undisputed fact that Merryday considered Holder for

mediator positions in cases before him in 2021 and 2022, which coincides with the

relevant time period of the controversy.  The district judge understood that federal

law prohibits judicial participation as a mediator, or otherwise performing judicial

functions apart from the judge's official duties. Merryday appointed Holder as a

mediator in Case 8:21-cv-01142-SDM-SPF on September 13, 2021, [App. 115].

Holder retired from the Thirteenth Judicial Circuit on January 4, 2021. However,

Holder did not terminate from USFBOT until December 22, 2021 and was employed

by USFBOT when Merryday appointed him. Even if Holder were retired/terminated when appointed, Merryday should not have appointed Holder if the appointment would tend to undermine public confidence in the integrity, impartiality, or independence of the judiciary. Holder's USFBOT employment, conflict wherein he intervened in a prior USFBOT case, prior censure by the Florida Supreme Court, contested intervention in DeBose's state court actions involving USFBOT, and his "Defendant" status in DeBose's federal case, exposed Merryday to actual and potential conflicts of interest. This is further aggravated by the fact that Merryday not only proceeded in the case below but also failed to disclose his appointment of Holder as a paid mediator in pending matters before him. The district judge's actions or outward manifestations bring the district judge's impartiality into question and erode public confidence. The district judge understood that Holder was not only a Defendant but a material witness. Holder was an undisclosed USFBOT employee while he was an intervenor/successor judge that entered final judgments for USFBOT. This actual conflict cannot be disregarded. The district court under Merryday sought to remove Holder from the case by "quashing" service made on him.[4]  The district judge failed to disclose the conflict of interest created by his appointment of Holder as a paid mediator. The district judge knew that Holder was himself a party to the proceeding and a dual employee of Defendant Thirteenth

---

[4] ECF 22, 29, and 31.

Judicial Circuit and Defendant USFBOT. The district judge knows Holder individually and reviewed his resume, exposing these conflicts. Thus, the district judge was aware of their mutual interest that it could affect substantially the outcome of the proceeding. "It could" implies the potential to bias the proceeding; therefore, it is of little or no consequence if actual bias or prejudice is not proven. "We apply an objective standard of reasonableness in determining whether recusal is required. 'Under § 455(a), "disqualification is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown."' *Tucker*, 78 F.3d at 1324 (citation omitted)." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003).

Building on the above arguments, the Petitioner contends that Merryday was "tainted" by disqualifying events, interests, conflicts, and associations, such that a reasonable person might question his impartiality. It must be emphasized that it does not matter whether the district judge actually knew of the conflicts, but only that, as a result of Merryday's outward manifestations, a reasonable person might question his impartiality. Here, Merryday knew about Holder all along dating back to 1999 bud did not make any disclosures to the parties. The appearance of impropriety was further fostered by Merryday's knowledge of disputed facts. Importantly, it is more probable than not, that an *ex parte* communication occurred between Merryday and Holder when the district judge appointed Holder as a mediator in the other cases.

These communications had the potential to substantially affect the outcome of the Petitioner's case. Under the totality of the circumstances, the Petitioner contends that the above and forgoing factors conclusively demonstrate that Merryday's impartiality might be reasonably questioned, thereby mandating his removal. The district judge's personal knowledge of disputed facts concerning Holder and the district judge's undisclosed employment/appointment of Holder expose a disqualifying relationship and/or disqualifying interests that form the bases for the district judge's recusal under § 455(a), § 455(b)(1), § 144, or the Florida Rule of Judicial Administration 2.330.

### D. The district judge's outward manifestations have prejudiced DeBose and cannot be corrected on appeal.

Section 144 provides: Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. *Parrish v. Board of Comm'rs*, 524 F.2d 98, 106 (5th Cir. 1975) (en banc) (Roney, J., specially concurring), cert. denied, 425 U.S. 944 (1976). The chief sponsor of the bill that became the forerunner of section 144, Act of Mar. 3, 1911, ch. 231, §§ 20, 21, 3 Stat. 1090, stated that the judge retained no discretion after the filing of the affidavit of prejudice: the judge could proceed no further in the case. 46 CONG. Rac. 2627 (1911) (statement of Rep.

Cullop). At the time § 455 provided: Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein. In addition to § 144 and then § 455, the motion invoked the fair-trial right, secured in federal prosecutions by U.S. Const. amend. V, as a basis for disqualification. The Petitioner's motion to set aside the judgment, [*see* App. 79-85], was filed on January 17, 2023. After filing, the Petitioner discovered additional new evidence of a direct disqualifying relationship between the district judge and Holder. On February 7, 2023, the Petitioner filed a Motion and Affidavit for the district judge's disqualification, [*see* App. 101-111]. It is noteworthy that at the time the recusal/disqualification motion and affidavit were filed, the motion to set aside the judgment was pending. On March 3, 2023, forty-five (45) days after the motion to set aside the judgment and twenty-five (25) days after the motion for disqualification, the district judge entered a ruling denying the motion to set aside the judgment and transmitted it to Appeal No. 22-13380.[5] The district judge disregarded the mandate of § 144, § 455, and Rule 2.330 to disqualify and proceed no further. In the order denying the motion to set aside the judgment,

---

[5] This district judge may maneuvered to push Petitioner into filing another appeal or supplemental brief.

the district court commented that Petitioner is "*an unmistakably vexatious litigant*," [App. 123]. The district court expressed an opinion concerning the merits of Petitioner's motion for disqualification and appeal. The district judge made statements of predisposition to signal that he, if the reviewing judge, would deny the Motion for Disqualification. Merryday disregarded the CIP, recusal/ disqualification motion, and all other disqualifying events that invoked the fair-trial right, secured in federal prosecutions by U.S. Const. amend. V, as a basis for disqualification. Merryday made the comment to imply that disqualification is not warranted and that it was sought because of his injunction order—*the facts be damned!* Merryday disregarded § 455 altogether, perhaps counting on the certification requirement under § 144 to contend that the certificate of counsel requirement cannot be satisfied by Petitioner, a pro se licensed attorney Affiant, against whom the district judge entered an Injunction Order charging her with vexation. It is difficult to reconcile the district judge's outward manifestations with the requirement that he proceed no further and the requirement that the Petitioner's allegations be accepted as accurate. The fact that the allegation is supported by direct evidence, circumstantial evidence, or hearsay should make no difference since it need not be supported by evidence at all. Merryday would have this Court to believe that his actions occurred because the Petitioner is precluded from filing post judgment motions after or while an appeal is pending. Although filing a timely post-judgment motion will serve to toll the

deadline for appealing, it does not preclude a party from filing an appeal anyway—whether in state or federal court. The Supreme Court clarified that a pending post-judgment does *not* "operate to divest the Court of Appeals of jurisdiction." Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." In other words, the appeal is suspended until such time as the post-judgment motion is resolved.

The extraordinary nature of prohibition or mandamus relief is appropriate to correct the district judge's improper usurpation of judicial power, warranting this Court's intervention.

## E. LEGAL ARGUMENT WHY A WRIT OF MANDAMUS SHOULD ISSUE

The Eleventh Circuit is empowered to issue writs of mandamus pursuant to 28 U.S.C. § 1651(a), the All Writs Act. Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997). For a writ of mandamus to issue, three conditions must be met: first, the party seeking the writ must have no other adequate means of relief; second, the petitioner must demonstrate his or her right to the writ is clear and

indisputable; and third, the issuing court must determine whether a writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81).

### 1. Petitioner Lacks Relief on Appeal

First, other that the writ of mandamus at issue, the Petitioner has no other adequate means of relief. This Court must either direct a district court successor judge or the sitting district judge to rule on the recusal motion or itself rule on the merits of the disqualification relief sought by the Petitioner. Although mandamus is an extraordinary remedy, mandamus is a proper means to for this court to order or review a district court judge's refusal to recuse from a case where the judge's impartiality might reasonably be questioned." *Alexander v. Primerica Holdings, Inc.,* 10 F.3d 155, 163 (3d Cir. 1993).

### 2. Petitioner's right to the writ is clear and indisputable

Second, the Petitioner has demonstrated that her right to the writ is clear and indisputable because the district court abused its discretion in failing to address any of the disqualifying triggers or recuse itself *sua sponte* under 455. If dismissal is ordered by a district judge who denied or declined review of a motion to recuse but who should have recused [him]self or been recused on referral to another judge, the dismissal is invalid. It would undermine the integrity of the judicial process to insulate the recusal issue from review and to treat as legitimate the dismissal of an

appeal by a judge who should be disqualified based on a proper consideration of a recusal motion, 288 Ga. 862 (Ga. 2011). The Petitioner did not waive but the district judge's alleged prejudice and made efforts at the trial level to disqualify him. *See LeBruno Aluminum Co., Inc. v. Lane,* 436 So. 2d 1039 (Fla. Dist. Ct. App. 1983). However, the district judge failed to disclose or concealed his disqualifying conflicts. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 867 (1988) (holding that the district judge should have recused himself when he acquired actual knowledge of his conflict and that his failure to do so was a violation of section 455(b)(4)). The court noted that § 455(a) may be violated even if the judge is ignorant of the basis for disqualification if those facts create an appearance of impropriety. *Id*. Section 455(a) can be violated without knowledge of a disqualifying circumstance, though a "judge's lack of knowledge . . . may bear on the question of remedy." *Id*.

### 3. A writ is appropriate under the circumstances

Third, granting the writ of mandamus is appropriate in this case involving judicial bias or prejudice. In cases in which parties have sought recusal based on assertions of actual bias, we have stated that "the issue of judicial disqualification presents an extraordinary situation suitable for the exercise of our mandamus jurisdiction." *In re Cargill, Inc.*, 66 F.3d 1256 (1st Cir. 1995).

### F. LEGAL ARGUMENT WHY A WRIT OF PROHIBITION SHOULD ISSUE

28 U.S.C. § 144, provides in pertinent part:

> **… another judge shall be assigned to hear such proceeding_____.**

28 U.S.C. § 455 provides:

> **Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.**

A writ of prohibition is the appropriate avenue for relief after the refusal to disqualify or the denial of a motion to disqualify a trial judge because of bias or other reasons. *Pierce v. State*, 873 So. 2d 618 (Fla. Dist. Ct. App. 2004); *Castro v. Luce*, 650 So.2d 1067 (Fla. 2d DCA 1995). Because a reasonable person would harbor doubts about the judge's impartiality, Petitioner respectfully requests that this Court reassign the matter of the motion for disqualification and/or the case generally and any related discovery, to another District Court Judge, even if not within the Tampa Division of the Middle District of Florida. The United States Supreme Court discussed its goal of promoting public confidence in the integrity of the judicial process in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988). The Supreme Court held that scienter is not required to find a violation. The Supreme Court further stated in part: **Moreover … does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew.** *Id*. at 486 U.S. at

859-60 (citations omitted). The impartiality of any other District Court Judge in the Tampa Division of the Middle District of Florida may be questioned due to loyalty and affinity for the district judge and other federal and state judges named in the case. Nevertheless, "[r]emand to a different trial judge is appropriate under a demonstration of personal bias or in `unusual circumstances.'" *Smith v. Mulvaney*, 827 F.2d 558, 562 (9th Cir. 1987) (citations omitted). *D'Lil v. Best Western Encina*, 538 F.3d 1031 (9th Cir. 2008). The circumstances here are unusual and show that (1) the  original judge would have substantial difficulty in putting out of his mind previously expressed views or findings; (2) reassignment of another judge is advisable to preserve the appearance of justice; and (3) reassignment would not be wasteful to any gain in preserving fairness.

## IX. CONCLUSION

Petitioner therefore prays that a writ of mandamus and/or writ of prohibition issue to (i) recuse/disqualify or prohibit the district judge from asserting jurisdiction or engaging in conduct inconsistent with the writ; (ii) vacate/stricken the March 3, 2023 order making predispositions about the motion for disqualification and Appeal 22-13380; (iii) direct expedited discovery proceed on the recusal/disqualification matter; [6] and (iv) appoint a successor judge to rule on the disqualification motion.

---

[6] Vacate indefinite stay of discovery (ECF 37) entered by district judge on November 24, 2021.

Dated this <u>19th</u> day of March 2023.       Respectfully submitted,

/s/ *Angela DeBose*_____
Angela DeBose

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE

This document complies with [the type-volume limit of Fed. R. App. P. 32(g)(1), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains <u>7,337</u> words and <u>30</u> pages.

/s/ *Angela DeBose*_____
Angela DeBose

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>6th</u> day of April, 2023, a copy of the above and foregoing was filed electronically and notice of the filing sent to all counsels/parties of record.

/s/ *Angela DeBose*_____
1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 932-6959
Email: awdebose@aol.com